IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANDRE DEMETRIUS SMALLEY,  :  Civil No. 3:19-cv-1514
            :
    Petitioner        :  (Judge Mariani)
            :
    v.           :
            :
WARDEN E. BRADLEY,      :
            :
    Respondent       :

## MEMORANDUM

Petitioner Andre Demetrius Smalley ("Smalley"), a federal inmate incarcerated at the

United States Penitentiary, Canaan, in Waymart, Pennsylvania ("USP-Waymart"),

commenced this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. §

2241 challenging his federal sentence computation and requesting prior custody credit.

(Doc. 1). For the reasons set forth below, the Court will deny the habeas petition.

## I. Factual Background & Procedural History

On April 10, 2015, Smalley was arrested in Little Rock, Arkansas by the Pulaski

County Sheriff's Office and charged with two counts of first-degree battery, two counts of

possession of firearms by certain persons, possession of drug paraphernalia, and

possession of a controlled substance, in Case Number 2015-1370. (Doc. 6-2 at 3-6,

Declaration of Jan Stopps, Correctional Program Specialist at the Designation and

Computation Center ("Stopps Decl."), ¶ 6). On May 28, 2015, Smalley was loaned to

federal authorities pursuant to a writ for his arraignment before the United States District

Court for the Eastern District of Arkansas in Case Number 4:15-CR-99.  (*Id.* ¶ 7).  Also on May 28, 2015, Smalley was returned to state custody and a federal detainer was lodged. (*Id.*).

On October 22, 2015, Smalley was again loaned to federal authorities for a competency examination and insanity determination to be completed pursuant to 18 U.S.C. §§ 4241(a) and 4242(a).  (*Id.* ¶ 8).  On December 16, 2015, the United States District Court for the Eastern District of Arkansas granted an extension for these examinations to be completed.  (*Id.*).  On December 29, 2015, Smalley was returned to Arkansas state custody. (*Id.*).

On December 6, 2016, Smalley was loaned on a writ to federal authorities to appear for his competency hearing.  (*Id.* ¶ 9).  The United States District Court for the Eastern District of Arkansas determined that Smalley was competent to proceed, and he was returned to Arkansas state custody that same day.  (*Id.*).

On January 17, 2017, Pulaski County released Smalley on a recognizance bond. (*Id.* ¶ 10).  However, due to the federal detainer, he remained in Pulaski County custody until he was released into exclusive federal custody on March 1, 2017.  (*Id.*).

On November 15, 2017, the United States District Court for the Eastern District of Arkansas sentenced Smalley to a term of imprisonment of 96 months for violating 18 U.S.C. § 922(g)(1), felon in possession of a firearm, in Case Number 4:15-CR-99.  (*Id.* ¶ 11).  The

District Court was silent as to whether this sentence should run consecutively or concurrently to Smalley's forthcoming state term. (*Id.*)

On January 4, 2018, Smalley was sentenced in the Circuit Court of Pulaski County to a term of imprisonment of 120 months for first-degree battery in Case Number 2015-CR-1370. (*Id.* ¶ 12). The other charges were nolle prossed. (*Id.*). The Pulaski County Circuit Court ordered the state term to be served concurrently to the previously imposed federal term. (*Id.*). The Circuit Court also awarded Smalley 1,001 days of jail credit. (*Id.*).

Jan Stopps, Correctional Program Specialist at the Designation and Computation Center, audited Smalley's sentence calculation and certified that his sentence calculation was correct. (Doc. 6-2 at 3-6, Stopps Decl.). Based on the 96-month term of imprisonment, the Bureau of Prisons ("BOP") calculated Smalley's federal sentence as commencing on November 15, 2017, the date he was sentenced in the United States District Court for the Eastern District of Arkansas. (*Id.* ¶ 13). Smalley received 301 days of prior custody credit for time spent in official detention from January 18, 2017 (the day after he was released on bond by Pulaski County) through November 14, 2017 (the day before imposition of the federal term). (*Id.*). All other detention time since his April 10, 2015 arrest was credited to the Pulaski County term. (*Id.*). Based on this calculation, Smalley is scheduled to satisfy his federal sentence on March 26, 2024, via good conduct time. (*Id.*).

In the habeas petition, Smalley challenges his sentence computation and seeks prior custody credit from April 10, 2015 to January 17, 2017. (Doc. 1).

II.    **Discussion**

A habeas petition under § 2241 is the proper vehicle for an inmate to challenge "the fact or length of confinement", *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973), or the "execution" of his confinement, *Woodall v. Fed. BOP*, 432 F.3d 235, 241-42 (3d Cir. 2005). A federal habeas court may only extend a writ of habeas corpus to a federal inmate if he demonstrates that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]"  28 U.S.C. § 2241(c)(3).

Section 3585 of Title 18, which governs prior custody credit, provides:

(a)    Commencement of sentence. —A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

(b)    Credit for prior custody. —A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. § 3585.  Thus, under § 3585(b), prior custody credit cannot be granted if the prisoner has received credit toward another sentence.  The United States Supreme Court

4

has made clear that a defendant cannot receive a "double credit" for his detention time. *United States v. Wilson*, 503 U.S. 329, 337 (1992).

As stated, Smalley is serving a 96-month federal term.  His federal sentence commenced on November 15, 2017.  Pursuant to 18 U.S.C. § 3585(b), Smalley is prohibited from receiving prior custody credit for the time he spent in the primary custody of Arkansas from April 10, 2015 through January 17, 2017.  *See* 18 U.S.C. § 3585(b) (precluding an inmate from receiving double credit); *Wilson*, 503 U.S. at 337 (explaining that with the enactment of § 3585(b), "Congress made it clear that a defendant could not receive a double credit for his detention time.").

The BOP has created a limited exception to § 3585(b)'s rule against double credit in accordance with the decisions in *Willis v. United States*, 438 F.2d 923 (5th Cir. 1972)[1] and *Kayfez v. Gasele*, 993 F.2d 1288 (7th Cir. 1993).[2]  Because Smalley was in primary federal custody at the time his state sentence was imposed, and the state court ordered his state sentence to be served concurrently with the federal term, the BOP reviewed Smalley's federal sentence for possible credits for presentence time pursuant to *Willis* and *Kayfez*.

---

[1]   Pursuant to *Willis*, the BOP will award an amount of non-federal presentence credit if the following conditions are present: (1) the non-federal and the federal sentences are concurrent; and (2) the non-federal raw effective full term ("EFT") is either the same or earlier than the federal raw EFT.  (*See* Doc. 6-2 at 63-67, Program Statement 5880.28).

[2]   Pursuant to *Kayfez*, the BOP will grant to a federal prisoner an amount of qualified double credit if the following conditions are present: (1) the non-federal and federal sentences are concurrent; (2) the raw effective full term ("EFT") date of the non-federal term is later than the raw EFT of the federal term; and (3) the non-federal raw EFT, after application of qualified non-federal presentence time, is reduced to a date that is earlier than the federal raw EFT date.  (*See* Doc. 6-2 at 63-67, Program Statement 5880.28).

(Stopps Decl. ¶¶ 14, 24; Doc. 6-2 at 48-49, *Willis/Kayfez* Calculation Worksheet).  First, the Raw Expiration Full Term ("EFT") date of both the non-federal and the federal sentence had to be determined by adding the total length of the sentence to the beginning date of the sentence.  (Doc. 6-2 at 67, Program Statement 5880.28).  This calculation results in a Raw EFT that does not include any time credit.  (*Id.*).  Smalley's 120-month state term commenced on January 4, 2018, with a Raw EFT date of January 3, 2028.  (*Id.* at 48).  His 96-month federal term commenced on November 15, 2017, with a Raw EFT date of November 14, 2025.  (*Id.*).

Smalley is entitled to *Willis* credit only if his state and federal sentences are concurrent and the Raw EFT of his state sentence is the same or earlier than the Raw EFT of his federal sentence.  Smalley's sentences are concurrent.  The Raw EFT date of his state sentence is January 3, 2028.  (Doc. 6-2 at 48).  The Raw EFT date of his federal sentence is November 14, 2025.  (*Id.*).  Because the non-federal Raw EFT date is greater than the federal Raw EFT date, Smalley is not entitled to *Willis* credit.

Smalley is entitled to *Kayfez* credit only if his state and federal sentences are concurrent, the Raw EFT of the state term is greater than the Raw EFT of the federal term, and if, after application of qualified non-federal presentence time, the Raw EFT of the state term is earlier than the Raw EFT of the federal term.  Smalley's sentences are concurrent.  As previously stated, the Raw EFT date of Smalley's state sentence is greater than the Raw EFT date of his federal sentence.  After application of 649 days of qualified prior custody

6

credit (April 10, 2015 through January 17, 2017), his state adjusted EFT date is March 25, 2026. (Doc. 6-2 at 49). Since the federal Raw EFT date (November 14, 2025) is still earlier than the adjusted EFT date of his state sentence (March 25, 2026), Smalley is not entitled to *Kayfez* credits.

Based on the foregoing, the Court concludes that the BOP properly calculated Smalley's sentence. Smalley has been awarded all credit to which he is entitled and is not entitled to the relief he seeks in his § 2241 petition.

## III.   Conclusion

The Court will and deny the habeas petition based on the conclusions set forth herein. A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: May 25, 2022